FILED'05 DEC 08 12:32USDC-ORE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

           **Plaintiff,**

    v.                                  CR 97-60100-08-HO

KELI MARIE SMITH,

           **Defendant.**

---

## ORDER REVOKING SUPERVISED RELEASE TERM IMPOSING SENTENCE, AND REIMPOSING SUPERVISED RELEASE TERM

On September 24, 2002, defendant appeared before The Honorable Michael R. Hogan, sitting in the court at Eugene, Oregon, and was sentenced to incarceration for a period of two (2) months, followed by a 3-year term of supervised release subject to standard and special terms and conditions. The term of supervised release commenced on November 15, 2002.

On October 17, 2005 this court issued a petition for warrant and order to show cause why the term of supervised release previously granted should not be revoked based on the probation

**ORDER ON REVOCATION OF SUPERVISED RELEASE**

officer's allegation that defendant violated the conditions of release.

On November 22, 2005 defendant appeared before The Honorable Michael R. Hogan and the court found that the defendant was in violation of conditions of supervised release by using controlled substances as alleged by the probation officer.

THE COURT FINDS that the defendant has violated conditions of her supervised release as set forth hereinabove.

IT APPEARS TO THE COURT that the defendant is no longer suitable for community supervision.

IT IS ORDERED AND ADJUDGED that the term of supervised release is revoked and the defendant is committed to the custody of the Bureau of Prisons for a term of three months and the defendant shall remain at the Lane County Jail. Upon release from imprisonment, defendant is subject to the reimposition of a supervised release term, pursuant to 18 USC § 3583(h), and is ordered to a term of supervised release of twenty-four months, subject to the standard and special conditions previously imposed by the court in probation form 7A, and the following special conditions:

1. The defendant shall participate in a mental health treatment program approved by the probation officer.

2. As directed by the probation officer, the defendant shall take psychotropic medication, if medically approved, for the treatment of a mental or emotional disorder.

3. The defendant shall reside in and participate in the program of an inpatient drug treatment center, as directed by the probation officer, for a period not to exceed 120 days.

4. The defendant shall reside in and satisfactorily participate in a community corrections center to include a prerelease component, if determined appropriate by the Community Corrections Manager and the U.S. Probation Officer, for up to 120 days or until discharged by the Community Corrections Manager and the U.S. Probation Officer.

5. The defendant shall participate in a substance abuse treatment program approved by the

**ORDER ON REVOCATION OF SUPERVISED RELEASE**

probation office which may include testing to determine if the defendant has used drugs or alcohol. In addition, the defendant shall submit not more than eight (8) drug tests each month unless otherwise ordered by the Court.

6.  The defendant shall pay full restitution to the victim identified in the presentence report in the amount of $21,554.32. If there is any unpaid balance at the time of the defendant's release from custody, it shall be paid at the maximum installment possible and not less than $100 per month.

"All other aspects of the original order shall remain in full force and affect.

IT IS FURTHER ORDERED that the clerk deliver a certified copy of this judgment and commitment to the United States Marshal or other qualified officer, and the copy serve as the commitment of the defendant.

Dated: ~~November~~ Dec. 7, 2005.

/s/ Michael R. Hogan
MICHAEL R. HOGAN
United States District Judge

cc:  Probation Office
     Counsel of Record